UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MERCY CASTILLO, JESSICA LORA, ULISES
RODRIGUEZ, and EMILIO RUIZ, individually and on behalf
of all others similarly situated,

                                    Plaintiffs,

                       -against-

"EL SAN JUAN" CITY ISLAND ON 5TH AVE LLC,
MANUEL VIDAL, and JOSEFINA VIDAL,

                                     Defendants.

------------------------------------------------------------------------X

CIVIL ACTION NO.
1:21-cv-02824

AMENDED
COMPLAINT

       Plaintiffs Mercy Castillo, Jessica Lora, Ulises Rodriguez, and Emilio Ruiz (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, "El San Juan" City Island on 5th Ave LLC ("El San Juan City Island"), Manuel Vidal ("Manuel"), and Josefina Vidal ("Josefina") (collectively, "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

       1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the New York Labor Law §§ 190, *et seq.* and 650 *et seq.* ("NYLL"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Act of 1978; the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code §§8-101 *et seq.* ("NYCHRL"); and any other cause of action which can be inferred from the facts herein.

       2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA and Title VII.

3.      This Court has supplemental jurisdiction over the claims arising under the NYLL, NYSHRL, and NYCHRL pursuant to 28 U.S.C. § 1367 in that the state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5.      Plaintiffs are individuals residing in the State of New York.

6.      Defendant El San Juan City Island is a domestic corporation with its principal place of business located at 1429 5th Ave, New York, New York 10035.

7.      El San Juan City Island operates two restaurants at 1429 5th Ave, New York, New York 10035: El San Juan Restaurant, a Latin American restaurant; and Vidalli's Pizzeria, a pizzeria and Italian restaurant.

8.      Defendants Manuel and Josefina are individuals residing, upon information and belief, in the State of New York.

9.      At all relevant times Manuel and Josefina were, and remain, officers, directors shareholders and/or persons in control of El San Juan City Island who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10.     At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities, and for supervising their performance.

11.     At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

12.     At all relevant times, Defendants were responsible for compensating Plaintiffs.

13.     Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiffs' compensation, and are jointly and severally liable in this matter.

14.     Defendants are covered employers within the meaning of the FLSA, NYLL, Title VII, NYSHRL, and NYCHRL, and, at all relevant times, employed Plaintiffs.

15.     At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA, NYLL, Title VII, NYSHRL, and NYCHRL.

16.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

17.     Defendants operate in interstate commerce.

18.     Defendants are subject to suit under the statutes alleged above.

### III. Rule 23 Class Allegations

19.     Plaintiffs bring the Third, Fourth, Fifth, and Sixth Cause of Action under the NYLL on behalf of themselves and all similarly situated employees who were employed by Defendants since the date six (6) years prior to the filing of this Complaint (the "Class Period") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23.

20.     All said persons are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are no less than twenty (20) members in the Class.

22.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wages; failing to provide wage statements; and failing to provide payroll notices. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests adverse to the Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy --- particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

25.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

26.     Because the losses, injuries, and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

27.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

28.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a.      Whether Defendants unlawfully failed to compensate Class members at the applicable minimum wage rate for all hours worked, in violation of 12 NYCRR § 146-1.2;

b.      Whether Defendants unlawfully failed to timely pay Class members their earned wages, in violation of NYLL § 191(1)(a)(i);

c.      Whether Defendants unlawfully failed to provide Class members with payroll notices at the start of their employment, or at any point thereafter, in violation of NYLL § 195(1);

d.      Whether Defendants unlawfully failed to provide Class members, with each wage payment, a statement listing their rates of pay and basis thereof and anything otherwise required by NYLL § 195(3);

e.      Whether Class members are entitled to damages, and if so, the means of measuring such damages;

f.      Whether Defendants are liable for Class members' attorneys' fees and costs; and

g.      Whether Defendants are liable for liquidated damages.

## IV. Factual Allegations

<u>Mercy Castillo</u>

*Wage and Hour Claims*

30.     Plaintiff Castillo worked for Defendants as a bartender and cashier at both El San Juan Restaurant and Vidalli's Pizzeria (collectively, the "Restaurants") from in or around March 2019 until on or around March 17, 2020.

31.     As a bartender, Castillo's primary job duties included taking customers' orders at the bar, preparing drinks, taking inventory of drink ingredients, bussing tables, and occasionally waiting on tables if no waitress was available.

32.     As a cashier, Castillo's primary job duties included taking customers' orders, and charging customers at the cash register.

33.     From the start of her employment until in or around May 2019, Castillo regularly worked at El San Juan Restaurant as a bartender three (3) varied days per week, as assigned, from approximately 4:00 p.m. until between 10:00 p.m. and 12:00 a.m., for a total of approximately twenty-one (21) hours per week.

34.     From in or around June 2019 until in or around mid-September 2019, Castillo regularly worked at El San Juan Restaurant as a bartender seven (7) days per week, from approximately 3:00 p.m. until 12:00 a.m., for a total of approximately sixty-three (63) hours per week.

35.     From in or around mid-September 2019 until in or around mid-November 2019, Castillo regularly worked six (6) days per week, as follows: Tuesdays, Wednesdays, and Fridays from approximately 11:00 a.m. until 4:00 p.m. as a cashier at Vidalli's Pizzeria, and from approximately 4:00 p.m. until 12:00 a.m. as a bartender at El San Juan Restaurant; and Thursdays,

Saturdays and Sundays as a bartender at El San Juan Restaurant from approximately 3:00 p.m. until 12:00 a.m., for a total of approximately sixty-six (66) hours per week.

36.     From in or around mid-November until on or around March 17, 2020, Castillo regularly worked as a bartender at El San Juan Restaurant six (6) days per week, as follows: Tuesdays through Thursdays from approximately 3:00 p.m. until 12:00 a.m., Fridays and Saturdays from approximately 3:00 p.m. until 3:00 a.m., and Sundays from approximately 11:00 a.m. until 1:00 a.m., for a total of approximately sixty-five (65) hours per week.

37.     Throughout her employment, Castillo was not afforded any meal or rest breaks during her work days, and was required to eat any meals during her shifts while working.

38.     Throughout Castillo's employment, Defendants tracked the hours that Castillo worked by requiring her to punch in and out on Defendants' timekeeping system.

39.     Throughout her employment, Castillo was paid a fixed hourly rate of $10.00 for all hours worked, including those over forty (40) per week.

40.     Throughout her employment, Castillo was paid her wages entirely in cash, with no accompanying paystub.

*Discrimination Claims*

41.     In or around February 25, 2020, Castillo found out that she was pregnant. Approximately one week later, she informed Defendants Manuel and Josefina of her pregnancy and of her intention and ability to continue working during her pregnancy. Manuel and Josefina assured her that the pregnancy would not affect the terms and conditions of her employment.

42.     In or around March 2020, pursuant to New York governor Andrew Cuomo's "New York State on Pause" Executive Order, the Restaurants closed temporarily. Manuel and Josefina

instructed Castillo and the other employees of the Restaurants that they should not report to work and that they would be contacted soon with an update.

43.     In or around May 2020, Castillo reached out to Manuel in order to check when employees would be called back to work. Again, Manuel assured her that she would be contacted as soon as the Restaurants re-opened.

44.     In or around June 2020, Castillo discovered, through Facebook, that the Restaurants were re-opening. Because she had not yet been informed about a return date, she reached out to Manuel, but he did not answer.

45.     Castillo then contacted El San Juan Restaurant's event promoter, Tito Santos, who informed Castillo that Defendants were looking to hire a new bartender, and that Manuel had informed Santos that Defendants had no intention of bringing Castillo back because she was pregnant.

46.     On or around July 1, 2020, the Restaurants re-opened for business, yet Castillo was never instructed to return.

47.     Around that time period, Castillo reached out to all of her former co-workers, none of whom were pregnant, and confirmed that they were all called back to work. Castillo also confirmed that Defendants had hired a new bartender, who was not pregnant, to replace her.

48.     Defendants continued to employ all of their employees who were not pregnant; refused to call Castillo back to work because of her pregnancy, although she specifically indicated and showed that she was ready and able to work; and replaced Castillo with a new bartender who was not pregnant.

49.     Based on Defendants' comments and actions, Defendants discriminated against Castillo by terminating her based on her gender and pregnancy, in violation of Title VII, the NYSHRL and the NYSHRL.

50.     Due to the blatant discrimination by Defendants, Castillo has suffered significant emotional distress, including symptoms of severe stress because of job uncertainty; and depression as a result of being rejected and betrayed by her employer.

51.     As a result of Defendants' unlawful and discriminatory actions, Castillo has endured unwarranted financial hardship.

52.     As a result of the acts and conduct complained of herein, Castillo has suffered loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.

53.     As a result of the acts and conduct complained of herein, Castillo has suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

54.     As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Castillo seeks punitive damages against Defendants.

55.     Throughout her employment, Castillo was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, overtime compensation, and spread of hours pay.

56.     However, throughout her employment, Castillo was paid at a rate that fell below the applicable New York State minimum wage rate.

57.     Furthermore, despite routinely working more than forty (40) hours per week, Castillo was not paid overtime compensation of one and one-half (1.5) times her regular hourly

rate of pay or the applicable minimum wage rate, whichever is greater, for all hours she worked over forty (40) per week.

58.    Defendants also failed to furnish to Castillo, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

59.    Furthermore, Castillo did not receive, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

60.    Castillo also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which her shifts exceeded ten (10) hours ("spread of hours pay").

61.    Defendants violated federal and state law by discriminating against Castillo based on her pregnancy; willfully failing to pay Castillo minimum wages, overtime compensation and spread of hours pay; and failing to provide Castillo with the required payroll notices and wage statements.

<u>Jessica Lora</u>

62.    Plaintiff Lora worked for Defendants as a bartender at El San Juan Restaurant from in or around July 2018 until in or around September 2020.

63.    As a bartender, Lora's primary job duties included taking customers' orders at the bar, preparing drinks, taking inventory of drink ingredients, bussing tables, and occasionally waiting on tables if no waitress was available.

64.     Throughout her employment, Lora regularly worked Thursdays through Saturdays from approximately 3:00 p.m. until 11:00 p.m., for a total of approximately twenty-four (24) hours per week.

65.     Throughout her employment, Lora was not afforded any meal or rest breaks during her work days, and was required to eat any meals during her shifts while working.

66.     Throughout Lora's employment, Defendants tracked the hours that Lora worked by requiring her to punch in and out on Defendants' timekeeping system.

67.     From the start of her employment until in or around December 2018, Lora was paid a fixed hourly rate of $8.00 for all hours worked.

68.     From in or around January 2019 until the end of her employment, Lora was paid a fixed hourly rate of $10.00 for all hours worked.

69.     Throughout her employment, Lora was paid her wages entirely in cash, with no accompanying paystub.

70.     Throughout her employment, Lora was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages.

71.     However, throughout her employment, Lora was paid at a rate that fell below the applicable New York State minimum wage rate.

72.     Defendants also failed to furnish to Lora, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

73.     Furthermore, Lora did not receive, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

74.     Defendants violated federal and state law by willfully failing to pay Lora minimum wages; and by failing to provide Lora with the required payroll notices and wage statements.

Ulises Rodriguez

75.     Plaintiff Rodriguez worked for Defendants as a busser and prep cook at El San Juan Restaurant from in or around early-July 2020 until in or around late-September 2020.

76.     As a busser and prep cook, Rodriguez's primary job duties included setting tables; serving customers their meals; clearing and cleaning tables after customers finished their meals; cleaning the kitchen; and chopping fruits, vegetables and other ingredients.

77.     Throughout his employment, Rodriguez regularly worked Wednesdays through Sundays from approximately 3:00 p.m. until 12:00 a.m., for a total of approximately forty-five (45) hours per week.

78.     Throughout his employment, Rodriguez was not afforded any meal or rest breaks during his work days, and was required to eat any meals during his shifts while working.

79.     Throughout Rodriguez's employment, Defendants tracked the hours that Rodriguez worked by requiring him to punch in and out on Defendants' timekeeping system.

80.     Throughout his employment, Rodriguez was paid a fixed hourly rate of $10.00 for all hours worked, including those over forty (40) per week.

81.      Throughout his employment, Rodriguez was paid his wages entirely in cash, with no accompanying paystub.

82.     Throughout his employment, Rodriguez was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, and overtime compensation.

83.     However, throughout his employment, Rodriguez was paid at a rate that fell below the applicable New York State minimum wage rate.

84.     Furthermore, despite routinely working more than forty (40) hours per week, Rodriguez was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours he worked over forty (40) per week.

85.     Defendants also failed to furnish to Rodriguez, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

86.     Furthermore, Rodriguez did not receive, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

87.     Defendants violated federal and state law by willfully failing to pay Rodriguez minimum and overtime wages; and by failing to provide Rodriguez with the required payroll notices and wage statements.

<u>Emilio Ruiz</u>

88.     Plaintiff Ruiz worked for Defendants as a cook at El San Juan Restaurant from on or around September 20, 2019 until in or around mid-January 2020.

89.     As a cook, Ruiz's primary job duties included preparing dishes for Defendants' customers; chopping fruits, vegetables and other ingredients; and cleaning the kitchen.

90.     Throughout his employment, Ruiz regularly worked Tuesdays through Sundays, as follows: Tuesdays through Saturdays, from between approximately 2:00 p.m. and 3:00 p.m. until 11:00 p.m. or 11:30 p.m.; and Sundays from between approximately 11:00 a.m. and 12:00 p.m. until 11:00 p.m. or 11:30 p.m.

91.     However, approximately two (2) to three (3) days per week, Manuel and/or Josefina instructed Ruiz to leave work early, between approximately 6:30 p.m. and 7:00 p.m.

92.     On days that Manuel and/or Josefina instructed Ruiz to leave work early, Defendants only paid Ruiz for half of a day's work, rather than for all hours worked. Ruiz estimates that he typically was not paid for between approximately four (4) and five (5) hours of work per week.

93.     Throughout his employment, Ruiz was not afforded any meal or rest breaks during his work days, and was required to eat any meals during his shifts while working.

94.     In total, throughout his employment Ruiz worked an average of approximately forty-four and one-fourths (44.25) hours per week.

95.     Throughout Ruiz's employment, Defendants tracked the hours that Ruiz worked by requiring him to write in his hours worked on Defendants' schedules.

96.     From the start of his employment until in or around December 2019, Ruiz was paid a fixed hourly rate of $10.00 for all hours worked.

97.     From in or around January 2020 until the end of his employment, Ruiz was paid a fixed hourly rate of $11.00 for all hours worked.

98.     Throughout his employment, Ruiz was paid his wages entirely in cash, with no accompanying paystub.

99.     Throughout his employment, Ruiz was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, overtime compensation, and spread of hours pay.

100.    However, throughout his employment, Ruiz was paid at a rate that fell below the applicable New York State minimum wage rate.

101.    Furthermore, despite routinely working more than forty (40) hours per week, Ruiz was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours he worked over forty (40) per week.

102.    Ruiz also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay for every day in which his shifts exceeded ten (10) hours.

103.    Defendants also failed to furnish to Ruiz, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

104.    Furthermore, Ruiz did not receive, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

105.    Defendants violated federal and state law by willfully failing to pay Ruiz minimum wages, overtime compensation and spread of hours pay; and failing to provide Ruiz with the required payroll notices and wage statements.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS CASTILLO, RODRIGUEZ, AND RUIZ
*(Overtime Violations Under the FLSA)*

106.    Plaintiffs Castillo, Rodriguez, and Ruiz repeat and reallege all prior allegations set forth above.

107.    Pursuant to the applicable provisions of the FLSA, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

108.    Plaintiffs Castillo, Rodriguez, and Ruiz regularly worked in excess of forty (40) hours per week during their employment with Defendants.

109.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs Castillo, Rodriguez, and Ruiz overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater,  for each hour worked in excess of forty (40) hours in a week.

110.    As a result of Defendants' violations of the law and failure to pay Plaintiffs Castillo, Rodriguez, and Ruiz the required overtime wages, Plaintiffs Castillo, Rodriguez, and Ruiz have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

111.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs Castillo, Rodriguez, and Ruiz are entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

112.    Judgment should be entered in favor of Plaintiffs Castillo, Rodriguez, and Ruiz, and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS CASTILLO, RODRIGUEZ, AND RUIZ
*(Overtime Violations Under the NYLL)*

113.    Plaintiffs Castillo, Rodriguez, and Ruiz repeat and reallege all prior allegations set forth above.

114.    Pursuant to the applicable provision of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the

applicable minimum wage, whichever is higher, for all hours worked in excess of forty (40) hours per week.

115.    Plaintiffs Castillo, Rodriguez, and Ruiz regularly worked in excess of forty (40) hours per week during their employment with Defendants.

116.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs Castillo, Rodriguez, and Ruiz overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is higher, for each hour worked in excess of forty (40) hours in a workweek.

117.    As a result of Defendants' violations of the law and failure to pay Plaintiffs Castillo, Rodriguez, and Ruiz the required overtime wages, Plaintiffs Castillo, Rodriguez, and Ruiz have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

118.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs Castillo, Rodriguez, and Ruiz are entitled to liquidated damages.

119.    Judgment should be entered in favor of Plaintiffs Castillo, Rodriguez, and Ruiz, and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE CLASS PLAINTIFFS
*(Minimum Wages Violations Under the NYLL)*

120.    Plaintiffs, on behalf of themselves and the Class Plaintiffs, repeat and reallege all prior allegations set forth above.

121.    Pursuant to the applicable provisions of the NYLL, Plaintiffs and the Class Plaintiffs were entitled to the statutory minimum wages for all of the hours they worked.

122.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the Class Plaintiffs the statutory minimum wages for all hours worked.

123.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Class Plaintiffs the required minimum wages, Plaintiffs and the Class Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

124.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the Class Plaintiffs are entitled to liquidated damages.

125.    Judgment should be entered in favor of Plaintiffs and the Class Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE CLASS PLAINTIFFS
*(Failure to Timely Pay Wages Under the NYLL)*

126.    Plaintiffs, on behalf of themselves and the Class Plaintiffs, repeat and reallege all prior allegations set forth above.

127.    Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs and the Class Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

128.    During the relevant period, Defendants failed to pay Plaintiffs and the Class Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

129.    During the relevant period, Defendants failed to timely pay Plaintiffs and the Class Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

130.    Throughout the relevant time period, Defendants failed to pay Plaintiffs and the Class Plaintiffs all wages earned by Plaintiffs and the Class Plaintiffs, including minimum wages.

131.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Class Plaintiffs their earned wages, Plaintiffs and the Class Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

132.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the Class Plaintiffs are entitled to liquidated damages.

133.    Judgment should be entered in favor of Plaintiffs and the Class Plaintiffs and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE CLASS PLAINTIFFS
*(Failure to Provide Payroll Notices Under the NYLL)*

134.    Plaintiffs, on behalf of themselves and the Class Plaintiffs, repeat and reallege all prior allegations set forth above.

135.    Defendants failed to furnish to Plaintiffs and the Class Plaintiffs, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof;

allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

136.    As Defendants failed to provide Plaintiffs and the Class Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs and the Class Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees, interest, and costs.

137.    Judgment should be entered in favor of Plaintiffs and the Class Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of $50.00 per day that the violation occurred up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE CLASS PLAINTIFFS
### *(Failure to Provide Wage Statements Under the NYLL)*

138.    Plaintiffs, on behalf of themselves and the Class Plaintiffs, repeat and reallege all prior allegations set forth above.

139.    Throughout the relevant time period, Defendants failed to furnish to Plaintiffs and the Class Plaintiffs, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

140.    As Defendants failed to provide Plaintiffs and the Class Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs and the Class Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees, interest, and costs.

141.    Judgment should be entered in favor of Plaintiffs and the Class Plaintiffs and against Defendants on the Sixth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**ON BEHALF OF CASTILLO AND RUIZ**
*(Spread of Hours Violations Under the NYLL.)*

142.    Plaintiffs Castillo and Ruiz repeat and reallege all prior allegations.

143.    Castillo and Ruiz regularly worked shifts that spanned more than ten (10) hours per day.

144.    Defendants willfully failed to pay Castillo and Ruiz additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which their shifts spanned more than ten (10) hours.

145.    By failing to pay Castillo and Ruiz spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

146.    Judgment should be entered in favor of Castillo and Ruiz, and against Defendants on the Seventh Cause of Action in the amount of their unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF CASTILLO**
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)*
(Gender Based Discrimination)

147.    Plaintiff Castillo repeats and realleges all prior allegations.

148.    Defendants' disparate and unlawful treatment of Castillo on the basis of her gender and/or pregnancy was in violation of Title VII.

149.    Defendants' comments and actions, including Defendants' decision to terminate Castillo give rise to an inference of unlawful discrimination.

150.    Defendants subjected Castillo to disparate treatment and adverse employment actions which other employees outside of Plaintiff's protected class were not subjected to.

151.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Castillo has suffered and continues to suffer harm for which she is entitled to damages, to the greatest extent permitted under the law, in addition to reasonable attorneys' fees and expenses.

152.    Judgment should be entered in favor of Plaintiff Castillo and against Defendants on the Eighth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF CASTILLO
*(New York State Human Rights Law, Executive Law § 290 et seq.)*
(Gender-Based Discrimination)

153.    Plaintiff Castillo repeats and realleges all prior allegations.

154.    Defendants' disparate and unlawful treatment of Castillo on the basis of her gender and/or pregnancy was in violation of NYSHRL.

155.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Castillo has suffered and continues to suffer harm for which she is entitled to damages, to the greatest extent permitted under the law, in addition to reasonable attorneys' fees and expenses.

156.     Judgment should be entered in favor of Plaintiff Castillo and against Defendants on the Ninth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF CASTILLO
*(New York City Human Rights Law, N.Y.C. Administrative Code Title 8)*
(Gender-Based Discrimination)

157.     Plaintiff Castillo repeats and realleges all prior allegations.

158.     Defendants' disparate and unlawful treatment of Castillo on the basis of her gender and/or pregnancy was in violation of NYCHRL.

159.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Castillo has suffered and continues to suffer harm for which she is entitled to damages, to the greatest extent permitted under the law, in addition to reasonable attorneys' fees and expenses.

160.     Judgment should be entered in favor of Castillo and against Defendants on the Tenth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiffs Castillo, Rodriguez, and Ruiz for all overtime wages due to Castillo, Rodriguez, and Ruiz, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action on behalf of Plaintiffs Castillo, Rodriguez, and Ruiz for all overtime wages due to Castillo, Rodriguez, and Ruiz, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action on behalf of Plaintiffs and the Class Plaintiffs for all minimum wages due to Plaintiffs and the Class Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)  on the Fourth Cause of Action on behalf of Plaintiffs and the Class Plaintiffs for all for all wages due to Plaintiffs and the Class Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e)  on the Fifth Cause of Action on behalf of Plaintiffs and the Class Plaintiffs for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, and reasonable attorneys' fees;;

f)  on the Sixth Cause of Action on behalf of Plaintiffs and the Class Plaintiffs for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

g)  on the Seventh Cause of Action on behalf of Plaintiffs Castillo and Ruiz for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action on behalf of Plaintiff Castillo for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial;

i) on the Ninth Cause of Action on behalf of Plaintiff Castillo for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial;

j) on the Tenth Cause of Action on behalf of Plaintiff Castillo for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial;

k) Interest;

l) Costs and disbursements; and

m) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 20, 2021

*/s/ Nicola Ciliotta*
Nicola Ciliotta
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
nciliotta@katzmelinger.com
*Attorneys for Plaintiffs*