```
Case 1:21-cv-02824-GHW    Document 156    Filed 10/03/24    Page 1 of 3
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
MERCY CASTILLO, JESSICA LORA, ULISES :
RODRIGUEZ, *and* EMILIO RUIZ, *individually and* :
*on behalf of all others similarly situated*, :         1:21-cv-2824-GHW
                                        Plaintiffs, :
                                                     :         ORDER
           - against -                               :
                                                     :
"EL SAN JUAN" CITY ISLAND ON 5TH AVE :
LLC, MANUEL VIDAL, *and* ALMA JOSEPHINE :
VIDAL, :
                                        Defendants. :
                                                     :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiffs filed their amended complaint on August 20, 2021. Dkt. No. 24. On August 8, 2024, the Court granted the parties' joint request for an extension of the deadline to complete fact discovery for the sole purpose of conducting the deposition of Plaintiff Ulises Rodriguez, who had not yet appeared for a deposition. Dkt. No. 148. On August 29, 2024, Mr. Rodriguez's counsel filed a motion to withdraw from their representation of Mr. Rodriguez due to his repeated failures to respond to their attempts to contact him. Dkt. No. 150.

Since then, Mr. Rodriguez has failed to appear at three conferences at which he was specifically, personally ordered to appear. *See* Dkt. Nos. 152 (requiring Mr. Rodriguez's attendance at the September 17, 2024 conference scheduled to discuss Mr. Rodriguez's counsel's withdrawal due to his noncommunication with them), 155 (requiring Mr. Rodriguez's attendance at the September 26, 2024 conference scheduled to discuss Mr. Rodriguez's intentions regarding continuing to prosecute the case), *id.* (requiring Mr. Rodriguez's attendance at the October 3, 2024 conference scheduled to discuss Mr. Rodriguez's intentions regarding continuing to prosecute the case).

The Court stated in its September 17, 2024 order that "[i]f Plaintiff Ulises Rodriguez does not attend the conferences, that will result in the Court dismissing his claims against the defendants for failure to prosecute." Dkt. No. 155 at 2.  The Court, the Court's staff, the other plaintiffs' counsel, and the defendants' counsel all appeared at each of the scheduled conferences, including the conference held earlier today.  But Mr. Rodriguez did not.  This is Mr. Rodriguez's third consecutive failure to appear at a Court-scheduled conference.  Nor has a notice of appearance been filed on Mr. Rodriguez's behalf following his former counsel's withdrawal.  In sum, Mr. Rodriguez is taking no steps to prosecute his case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider:  (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of this action for failure to prosecute is warranted here.  Mr. Rodriguez has failed to comply with several of the Court's orders.  He failed to appear for a deposition despite repeated efforts by his counsel to contact him, *see* Dkt. No. 150, and at three Court-scheduled conferences at

2

which his personal appearance was specifically ordered, *see* Dkt. Nos. 152, 155.  His counsel withdrew from his representation due to his noncommunication with them, which had been ongoing since at least July 23, 2024.  *See* Dkt. Nos. 149, 150.  His noncommunication with the Court has continued for more than two months.

Plaintiff Rodriguez has given no indication that he intends to prosecute this action.  Given Mr. Rodriguez's failure to heed the Court's orders, despite ample time to do so and clear notice that his case will be dismissed for failure to prosecute, *see* Dkt. No. 155 at 2, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [his claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be effective.  However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity."  *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, Mr. Rodriguez's claims against the defendants are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to mail a copy of this order to Ulises Rodriguez at the address identified in Dkt. No. 155.

SO ORDERED.

Dated: October 3, 2024
      New York, New York

_____
GREGORY H. WOODS
United States District Judge