```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                :
MERCY CASTILLO et al.,                          :    PRE TRIAL ORDER --
                                                     NON-JURY TRIAL
        Plaintiffs,                             :
                                                :    21 Civ. 2824 (GWG)
        v.                                      :
                                                :
EL SAN JUAN CITY ISLAND ON 5TH AVE              :
LLC et al.,                                     :
                                                :
        Defendants.                             :
---------------------------------------------------------------x
```

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      In the Court's experience, the scheduling of trial is best done after pretrial order materials have been submitted so that the parties and the Court are aware of what witnesses will testify and whether there are any difficult evidentiary issues to be resolved. After the materials required by this Order are filed, the Court will schedule a telephone conference at which the dates for the bench trial will be discussed with counsel and fixed. If the parties prefer to proceed in another manner, they may so inform the Court by letter or request a conference.

      Accordingly, IT IS HEREBY ORDERED as follows:

Prior to Trial

      1.(a). The parties shall submit a joint pretrial order in compliance with paragraph 3.B. of this Court's Individual Practices on or before August 6, 2025. The Court's Individual Practices are available via the internet at:   https://nysd.uscourts.gov/hon-gabriel-w-gorenstein

      (b). In addition, on or before the same date above, each party shall submit Proposed Findings of Fact and Conclusions of Law. Each party may on the same date submit trial memoranda of law that summarize the expected facts and the applicable law. Any motions in limine shall be included in a memorandum of law filed on the same date as above.

      (c). No exhibit is in evidence unless it is offered at trial and admitted into evidence by the Court.

      (d) Judge Gorenstein normally considers direct expert testimony in a bench trial by a written declaration (or affidavit). Thus, at the same time of the above submissions, each party must submit a declaration that contains the full direct testimony of each expert witness to be

1

called by the party. The original signed declaration should be brought to trial to be marked as an exhibit. It is the Court's expectation that expert witnesses will not testify on direct, but will instead begin their testimony with cross-examination.[1]

2. **In order to provide the described materials by the above due date, the parties must cooperate in the preparation of these materials and <u>their preparation must begin well in advance of the due date</u>**. In the rare event that a lack of cooperation makes a joint submission impossible, each party is required to submit its own proposals separately on the due date. The Court will thereafter issue an appropriate sanction to the party or parties that it determines failed to cooperate.

Extensions of the due dates are granted only in instances where there has been an unforeseeable emergency. The parties are warned that their failure to comply with this order may result in sanctions, including but not limited to dismissal, judgment by default, a monetary sanction and/or contempt.

3. Applications for rulings <u>in limine</u> should be contained in the Trial Memorandum discussed in paragraph 1 above.

Should a party's trial memorandum raise an issue that is not addressed in the opposing party's trial memorandum, the opposing party may submit a second memorandum of law in response within 14 days (but in no event later than three business days before the start of trial).

<u>Conduct of Trial</u>

4. Following receipt of the above materials, the Court will contact the parties to set a firm trial date. On the first day of trial, counsel must arrive at 9:30 a.m. at the assigned courtroom. Plaintiff's first witness on the first trial day must be ready to testify at that time. On all subsequent days, counsel must arrive at the time directed by the Court. If at any time an emergency prevents counsel's prompt attendance, counsel should call the courtroom immediately at (212) 805-4266 or chambers at (212) 805-4260.

5. When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph. Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>. Any requests to schedule a witness out of order and/or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior

---

[1] If an opposing party does not intend to cross-examine the expert, the opposing party must so inform the first party in writing. In such circumstances, the expert need not appear at trial.

to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness. Untimely applications will be denied. Counsel are expected to be diligent in inquiring as to the availability of all witnesses (including expert witnesses) to ensure compliance with this paragraph.

6. The Court will accept brief opening statements unless neither party desires to make such a statement.

7. Speaking objections are prohibited. Counsel shall say the word "objection" followed by a brief word or phrase to indicate the nature of the objection (for example, "objection, hearsay"; "objection, Rule 403"). The Court will not normally conduct a sidebar during the trial. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the witness in advance of the witness's testimony.

8. Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's examination of that witness. Counsel shall stand either at the lectern or at counsel table while questioning a witness. If it is necessary to approach the witness or the bench, counsel shall request permission from the Court to do so. No witness (or other party) shall be referred to by first name unless that witness is a minor.

9. Depositions offered in lieu of live testimony will not be read aloud.

10. Defendant's counsel will give a closing argument first, followed by plaintiff's counsel. The Court may ask questions of counsel during such arguments.

11. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

12. If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter. Similarly, a party needing an interpreter must arrange for the presence of a such an interpreter.

13. In the event post-trial briefing is ordered, the parties will be required to give page citations to the transcript for any factual contentions (including, for example, citations to support proposed findings of facts). The Court warns the parties of this requirement so that they may make appropriate arrangements to order the transcript. At or prior to the commencement of trial, the parties may inquire of the Court whether the Court will require post-trial briefing

14. Post-judgment motions must be made within the time permitted by the applicable rules.

SO ORDERED

Dated: July 16, 2025
      New York, New York

                                                           _____
                                                           GABRIEL W. GORENSTEIN
                                                           United States Magistrate Judge